# Exhibit A

6/1/2021 3:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53987316
By: Carolina Salgado
Filed: 6/1/2021 3:39 PM

NO. _____

| | | |
|---|---|---|
| DAVITA HALL | )( | IN THE DISTRICT COURT OF |
| | )( | |
| | )( | |
| | )( | |
| V. | )( | HARRIS COUNTY, T E X A S |
| | )( | |
| | )( | |
| | )( | |
| KOHL'S, INC., FORMERLY KNOWN | )( | |
| AS KOHL'S DEPARTMENT STORES, | )( | |
| INC. and KOHL'S BAYTOWN | )( | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DAVITA HALL (hereinafter referred to as "Plaintiff"), and files her Original Petition complaining of KOHL'S, INC., FORMERLY KNOWN AS KOHL'S DEPARTMENT STORES, INC. and KOHL'S BAYTOWN (hereinafter referred to as "Defendant"), and for cause of action would respectfully show unto the Court as follows:

I.

Plaintiff intends for discovery in this cause of action to be conducted in accordance with the rules applicable to "expedited actions" under Tex. R. Civ. P. 169 and 190.

II.

The Defendant KOHL'S, INC., FORMERLY KNOWN AS KOHL'S DEPARTMENT STORES, INC. is a business entity doing business in the State of Texas and Harris County, Texas.  Said Defendant may be served with citation by serving its registered agent for service, Corporate Creations Network Inc., 5444 Westheimer #1000, Houston, Texas 77056.

Pursuant to Tex. R. Civ. P. 28, this suit is also being brought against Defendant KOHL'S BAYTOWN as the assumed name of an entity doing business in the State of Texas.  Said Defendant may be served by and through its manager, David Frederick, 6520 Garth, Baytown, Texas 77521.

III.

On or about August 9, 2019, Plaintiff received personal injuries while an invitee at the commercial premises known as KOHL'S BAYTOWN in Baytown, Harris County, Texas (hereinafter "the premises in question").   Based upon information and belief, the premises in question were owned, operated or controlled by Defendant KOHL'S, INC., FORMERLY KNOWN AS KOHL'S DEPARTMENT STORES, INC. at all times material to this lawsuit.   Plaintiff would show that one or more conditions on the premises in question posed an unreasonable risk of harm to persons such as the Plaintiff, and Defendants failed to exercise ordinary care to protect the Plaintiff from the danger, by both failing to adequately warn of the condition(s) and failing to make the condition(s) reasonably safe.  Accordingly, Plaintiff contends that Defendants were negligent in one or more respects, which served as a proximate cause of the occurrence in question and the damages sought in this cause.   Plaintiff additionally contends that Defendants are vicariously liable under the theory of *respondeat superior* for the negligent acts and/or omissions of one or more of their employees, agents, and/or servants, which also served as a proximate cause of the occurrence in question and the damages sought in this cause.

IV.

DAMAGES

Pursuant to Tex. R. Civ. P. 47(c), and pleading to the Court alone, Plaintiff seeks monetary relief over $250,000.00 but not exceeding $1,000,000.00, excluding any interest, statutory or punitive damages and penalties, and attorney's fees and costs. Plaintiff's damages include the following:

(1)     Medical and health care expenses incurred in the past;

(2)     Medical and health care expenses that, in a reasonable probability, will be incurred in the future;

(3)     Past and future physical pain;

(4)     Past and future mental anguish and suffering;

(5)     Loss of wages and/or loss of earning capacity, past and future;

(6)     Physical impairment, past and future;

(7)     Pre-judgment and post-judgment interest at the legal rate;

(8)     Costs of Court; and

(9)     Such other damages that may be established at the time of trial.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that the Defendants be cited to appear and answer herein as required by law, and upon final trial and hearing hereof, that the Plaintiff have and recover of the Defendants, the damages as sought above, together with costs of court, pre-judgment interest at the legal rate, post-judgment interest at the legal rate, and such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF SCOTT C. LANNIE, P.C.

/s/ *Scott C. Lannie*

_____

BY:    SCOTT C. LANNIE
       State Bar No. 11937350
       Attorney for Plaintiff
       4000 Garth Road, Suite 150
       Baytown, Texas  77521
       Telephone: (281) 303-9200
       Facsimile: (281) 303-8280
       Email: sclannie@aol.com